UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAR 2 9 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:17CR148 RLW/PLC |
| ) | |
| NOVA PADEN and ) | |
| DEMAGIO SMITH, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### The Defendants

The Grand Jury charges that:

1. At all times relevant to this Indictment, defendant Nova Paden was a resident of the City of St. Louis, Missouri. Defendant was employed as a nursing aide at the same times as she claimed to be receiving home health care benefits funded by the Medicaid program. Defendant also claimed to be disabled and in need of disability payments from the Social Security Administration while working, all within the Eastern District of Missouri.

2. At all times relevant to this Indictment, defendant Demagio Smith was a resident of the City of St. Louis, Missouri. Defendant was employed at other jobs or out of town at the same times as he claimed to be providing home health care benefits funded by the Medicaid program to defendant Nova Paden, all within the Eastern District of Missouri.

### Background

### The Missouri Medicaid Program

3. The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low income citizens

of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

4. Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary to remain in the home setting with outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

5. All Medicaid providers, including personal care providers, must retain fiscal and medical records that fully document services billed to Medicaid for five years from the date of service, and must furnish or make the records available for inspection or audit by the Missouri Medicaid Program or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program.

6. For personal care services, the records required by the program include log sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service delivery, the time spent with the beneficiary, the daily care activities performed on each date, and the beneficiary's signature for each visit. Typically, Missouri Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what time frame material to the program.

## Counts 1-5

7. Paragraphs 1 through 5 are incorporated by reference, as if fully set forth herein.

8. On or about the dates indicated below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

**NOVA PADEN and DEMAGIO SMITH,**

the defendants herein, aiding and abetting each other and aided and abetted by each other, knowingly and willfully made and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services involving the Missouri Medicaid program, a health care benefit program as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1035, in that the defendants falsely stated and represented in log sheets that they had provided or received personal care services on or about certain dates for certain time frames in the home setting, when the defendants then and there well knew said statements and representations were false, fictitious, and fraudulent.

| COUNT | DATE OF OFFENSE | ACTUAL LOCATION OF PADEN or SMITH |
|---|---|---|
| 1 | October 2, 2014 | Smith at other job starting at 8:00 a.m. |
| 2 | December 12, 2014 | Paden out of home working as caregiver until 8:30 a.m. |
| 3 | January 28, 2015 | Paden out of home working as caregiver until 11:21 a.m. |
| 4 | July 10, 2015 | Smith in New Jersey |
| 5 | October 13, 2015 | Smith in California |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

### The Social Security Administration

9. The Social Security Administration ("SSA") is a federal agency within the Executive Branch of the Government that administers several federal programs, including the Title XVI program. That program makes cash assistance payments to needy, aged, blind or disabled persons who have limited income and resources. In order to receive SSA benefits, an

3

applicant must continue to be disabled and cannot have significant monthly income while receiving SSA benefits. An applicant's monthly household income is important and material to SSA, and helps determine the amount of any SSA benefits paid to program participants.

### Count 6

10. The Government incorporates paragraphs 1-5 and 8 herein.

11. Beginning in or around February 17, 2014, and continuing without interruption until on or around September 16, 2015, in the County of St. Louis, Missouri, within the Eastern Division of the Eastern District of Missouri, and elsewhere,

**NOVA PADEN,**

the defendant herein, did knowingly embezzle, steal, and purloin money of the Social Security Administration ("SSA"), a department or agency of the United States, namely, Social Security Administration payments to which she knew she was not entitled, having a value of approximately $5,107.

All in violation of 18 U.S.C. §§ 641 and 2.

A TRUE BILL.

_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney

_____
A.U.S.A. ANDREW J. LAY, #39937